UNITED STATES DISTRICT COURT

FOR

THE DISTRICT OF MASSACHUSETTS

**07 CA 11137 WGY**

| | |
|---|---|
| NOAH JEREMY WIEHE | ) |
| | ) COMPLAINT |
| Plaintiff | ) |
| | ) and |
| v. | ) |
| CARL W. ZIMMERMAN, M.D.; | ) DEMAND FOR |
| MICHAEL STEPHANIDES, M.D.; | ) |
| PATRICK A. FOREST, M.D.; | ) |
| LORI HART HORNER, C.R.N.A. | ) |
| ANITA GWEN WAGNER, R.N.; and | ) JURY TRIAL |
| HCA HEALTH SERVICES OF TENNESSEE, INC. | ) |
| D/B/A CENTENNIAL MEDICAL CENTER/PARTHENON | ) |
| PAVILION, D/B/A STAR FAMILY OF HOSPITALS | ) |
| | ) |
| Defendants | ) |

MAGISTRATE JUDGE Alexander

## OVERVIEW

This Complaint represents claims for medical malpractice against Defendants, Carl W. Zimmerman, M.D., ("Dr. Zimmerman"), Michael Stephanides, M.D. ("Dr. Stephanides"), Patrick A. Forest, M.D. ("Dr. Forest"), Lori Hart Horner, CRNA, R.N. ("Nurse Horner"), Anita Gwen Wagner, R.N. ("Nurse Wagner") and HCA Health Services of Tennessee, Inc., D/B/A Centennial Medical Center/Parthenon Pavilion, D/B/A Star Family of Hospitals ("Centennial").

Mr. Noah J. Wiehe ("Mr. Wiehe") was a patient of Dr. Stephanides when he was admitted to the Centennial Medical Center on December 13, 2006 to undergo a vaginectomy, salpingo-oophorectomy, hysterectomy, and colpocleisis to be performed by Dr. Zimmerman followed by extension of the fixed part of the urethra and placement of a Gore-Tex in the shaft of the neophalus and placement of testicular implants to be performed by Dr. Stephanides. The above described surgical procedures were performed under general anesthesia administered by Dr. Forest and Nurse Horner. Nurse Wagner was the circulating nurse assisting the surgical team in the operating room.

During the lengthy surgical procedure performed by Dr. Zimmerman, Mr. Wiehe was placed in the lithotomy position for approximately 5 hours, and then repositioned to the supine position for the surgical portion to be performed by Dr. Stephanides. The repositioning of Mr. Wiehe was performed while he was still under general anesthesia. Notwithstanding that Mr. Wiehe was complaining of severe pain around his ankles, following a one-day postoperative recovery, Mr. Wiehe was discharged home on December 14, 2006.

On December 15, 2006, Mr. Wiehe was readmitted through the emergency room to the Centennial Medical Center complaining of severe pain in his ankles radiating to the anterior aspect of his calves feeling like severe shin splints. His admission diagnosis was "suspected compartment syndrome."

On December 19, 2006 Mr. Wiehe underwent debridement, irrigation, anterior compartment musculature in both lower extremities, application of a wound VAC to the lower extremities. On December 21, 2006, Mr. Wiehe underwent a repeat debridement, irrigation of nonviable muscle of the left

leg with application of a wound VAC, change of a wound VAC with reapplication to the right leg. On December 23, 2006, Mr. Wiehe underwent yet another debridement, irrigation of skin, subcutaneous tissues, fascia muscle lower extremities, fasciotomy wounds; delayed complex closure of bilateral leg wounds, the right being 30 cm in length and the left one being 20 cm in length. Mr. Wiehe remained hospitalized until December 24, 2006 when he was discharged home.

Mr. Wiehe recovered postoperatively and has since been diagnosed with bilateral drop foot syndrome, muscle wasting disease in his left leg and needs the use of braces in order to be able to walk or maintain his balance.

Failure to protect Noah J. Wiehe from injury while he was unconscious under general anesthesia , deprived Noah J. Wiehe of the opportunity to avoid injury to his lower extremities and thus avoid the great pain and suffering as well as the extraordinary expenses he has incurred to date and will incur in the future.

As a direct consequence of the negligence of the Defendants in the instant case, Noah J. Wiehe suffers substantial pain and suffering, as well as incurring extraordinary expenses he should not have incurred had he received the appropriate medical/surgical care during his operative procedure by the Defendants.

## JURISDICTIONAL ALLEGATIONS
## AND IDENTIFICATION OF PARTIES

1. The Plaintiff, Noah Jeremy Wiehe ("Mr. Wiehe"), is presently a resident of 1 Park Lane, Apt. # 1007, Boston, Suffolk County, Commonwealth of Massachusetts 02210.

2. The Defendant, Carl W. Zimmerman, M.D. ("Dr. Zimmerman"), was at all times relevant to this Complaint a physician licensed to practice medicine and surgery in the State of Tennessee with a business address at 2021 Church Street, Suite 704 Nashville, Tennessee 37203.

3. The Defendant, Michael Stephanides, M.D. ("Dr. Stephanides"), was at all times relevant to this Complaint a physician licensed to practice medicine and surgery in the State of Tennessee with a business address at 310 23rd Avenue North, Nashville, Tennessee 37203.

4. The Defendant, Patrick A. Forest, M.D. ("Dr. Forest"), was at all times relevant to this Complaint a physician licensed to practice medicine and surgery in the State of Tennessee with a business address at 2300 Patterson Street, Nashville, Tennessee 37203.

5. The Defendant, Lori Hart Horner, CRNA ("Nurse Horner") was at all times relevant to this Complaint a nurse anesthetist licensed to practice nursing in the State of Tennessee with a business address at 2300 Patterson Street, Nashville, Tennessee 37203.

6. The Defendant, Anita Gwen Wagner, R.N. ("Nurse Wagner") was at all times relevant to this Complaint a nurse licensed to practice nursing in the State of Tennessee with a business address at 2300 Patterson Street, Nashville, Tennessee 37203.

7. The Defendant, HCA Health Services of Tennessee, Inc., D/B/A Centennial Medical Center/Parthenon Pavilion, D/B/A Star Family of Hospitals ("Centennial") was at all times a corporation doing business in the State of Tennessee with a business address at 2300 Patterson Street, Nashville, Tennessee 37203. On information and belief,

the said Defendants Lori Hart Horner, CRNA and Anita Gwen Wagner, R.N. were employees of this Defendant.

8. The United States District Court has jurisdiction in this matter because of the demonstrated diversity of parties (28 USC § 1332).

9. The amount in controversy exceeds the amount necessary to satisfy the jurisdictional requirements of this Court.

## COMMON OPERATIVE FACTS

10. Mr. Noah J. Wiehe ("Mr. Wiehe") was a patient of Dr. Stephanides when he was admitted to the Centennial Medical Center on December 13, 2006 to undergo a vaginectomy, salpingo-oophorectomy, hysterectomy, and colpocleisis to be performed by Dr. Zimmerman followed by extension of the fixed part of the urethra and placement of a Gore-Tex in the shaft of the neophalus and placement of testicular implants to be performed by Dr. Stephanides.

11. The above described surgical procedures were performed under general anesthesia administered by Dr. Forest and Nurse Horner. Nurse Wagner was the circulating nurse assisting the surgical team in the operating room.

12. Mr. Wiehe was unconscious under general anesthesia from 07:26 through 14:53 on December 13, 2006, for a total of 7 hours and 27 minutes.

13. During the December 13, 2006 surgical procedure performed under general anesthesia, Dr. Zimmerman was responsible for the positioning of Mr. Wiehe onto the operating room table and his positioning during the operation.

14. During the December 13, 2006 surgical procedure performed under general anesthesia, Dr. Stephanides was responsible

for the positioning of Mr. Wiehe onto the operating room table and his positioning during the operation.
15. During the December 13, 2006 surgical procedure performed under general anesthesia, Dr. Forest was responsible for the positioning of Mr. Wiehe onto the operating room table and his positioning during the operation.
16. During the December 13, 2006 surgical procedure performed under general anesthesia, Nurse Horner was responsible for the positioning of Mr. Wiehe onto the operating room table and his positioning during the operation.
17. During the December 13, 2006 surgical procedure performed under general anesthesia, Nurse Wagner was responsible for the positioning of Mr. Wiehe onto the operating room table and his positioning during the operation.
18. During the December 13, 2006 surgical procedure performed under general anesthesia, Centennial Medical Center, through its agents, servants, employees or persons for whose conduct it was responsible, was responsible for the positioning of Mr. Wiehe onto the operataing room table and his positioning during the operation.
19. During the lengthy surgical procedure performed by Dr. Zimmerman, Mr. Wiehe was placed in the lithotomy position for approximately 5 hours; thereafter, he was repositioned to the supine position for the surgical portion to be performed by Dr. Stephanides. The repositioning of Mr. Wiehe was performed while he was still under general anesthesia. Notwithstanding that Mr. Wiehe was complaining of severe pain around his ankles, following a one-day postoperative recovery, Mr. Wiehe was discharged home on December 14, 2006.
20. On December 15, 2006, Mr. Wiehe was readmitted through the emergency room to the Centennial Medical Center

complaining of severe pain in his ankles radiating to the anterior aspect of his calves feeling like severe shin splints. His admission diagnosis was "suspected compartment syndrome."

21. On December 19, 2006 Mr. Wiehe underwent debridement, irrigation, anterior compartment musculature in both lower extremities, application of a wound VAC to the lower extremities. On December 21, 2006, Mr. Wiehe underwent a repeat debridement, irrigation of nonviable muscle of the left leg with application of a wound VAC, change of a wound VAC with reapplication to the right leg. On December 23, 2006, Mr. Wiehe underwent yet another debridement, irrigation of skin, subcutaneous tissues, fascia muscle lower extremities, fasciotomy wounds; delayed complex closure of bilateral leg wounds, the right being 30 cm in length and the left one being 20 cm in length. Mr. Wiehe remained hospitalized until December 24, 2006 when he was discharged home.

22. Mr. Wiehe recovered postoperatively and has since been diagnosed with bilateral drop foot syndrome, muscle wasting disease in his left leg and needs the use of braces in order to be able to walk or maintain his balance.

23. In violation of the duty owed Mr. Wiehe the Defendant Dr. Zimmerman, negligently failed to protect, diagnose, manage, care and treat Mr. Wiehe consistent with the applicable standard of care, and has caused him to suffer substantial pain and suffering and emotional distress, both to date and in the future.

24. In violation of the duty owed Mr. Wiehe the Defendant Dr. Stephanides, negligently failed to protect, diagnose, manage, care and treat Mr. Wiehe consistent with the

applicable standard of care, and has caused him to suffer substantial pain and suffering and emotional distress, both to date and in the future.

25. In violation of the duty owed Mr. Wiehe the Defendant Dr. Forest, negligently failed to protect, diagnose, manage, care and treat Mr. Wiehe consistent with the applicable standard of care, and has caused him to suffer substantial pain and suffering and emotional distress, both to date and in the future.

26. In violation of the duty owed Mr. Wiehe the Defendant Nurse Horner, negligently failed to protect, diagnose, manage, care and treat Mr. Wiehe consistent with the applicable standard of care, and has caused him to suffer substantial pain and suffering and emotional distress, both to date and in the future.

27. In violation of the duty owed Mr. Wiehe the Defendant Nurse Wagner, negligently failed to protect, diagnose, manage, care and treat Mr. Wiehe consistent with the applicable standard of care, and has caused him to suffer substantial pain and suffering and emotional distress, both to date and in the future.

28. In violation of the duty owed Mr. Wiehe the Defendant Centennial Medical Center, through its agents, servants, employees or persons for whose conduct it was responsible, negligently failed to protect, diagnose, manage, care and treat Mr. Wiehe consistent with the applicable standard of care, and has caused him to suffer substantial pain and suffering and emotional distress, both to date and in the future.

## CAUSES OF ACTION

### (Each Cause of Action Specifically Incorporates by Reference All Those Paragraphs Previously Set Forth)

First Cause of Action

**(Negligence v. Carl W. Zimmerman, M.D.)**

29. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Carl W. Zimmerman, M.D., for negligence for the physical injuries and emotional distress he sustained and will continue to sustain as a result of Dr. Zimmerman's negligence as a result of his failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006.

Second Cause of Action

**(Extraordinary Medical Expenses v. Carl W. Zimmerman, M.D.)**

30. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Carl W. Zimmerman, M.D., for the extraordinary medical expenses and other extraordinary costs associated with caring and rehabilitation following the complications he suffered during his surgical procedure on December 13, 2006.

Third Cause of Action

**(Negligence-Res Ipsa Loquitur v. Carl W. Zimmerman, M.D.)**

31. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Carl W. Zimmerman, M.D., for negligence for the physical injuries and emotional distress he

sustained and will continue to sustain as a result of Dr. Zimmerman's negligence as a result of his failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006. Mr. Wiehe alleges that, while he was unconscious under general anesthesia for 7 hours and 27 minutes, such injuries do not ordinarily occur in the absence of negligence when he was positioned on the operating room table on December 13, 2006. (See Tenn. Code Ann. § 29-26-115(c) $FN_1$).

Fourth Cause of Action

**(Gross Negligence v. Carl W. Zimmerman, M.D.)**

32. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Carl W. Zimmerman, M.D., for punitive damages in causing the complications suffered by Noah J. Wiehe, by his gross negligence.

Fifth Cause of Action

**(Negligence v. Michael Stephanides, M.D.)**

33. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Michael Stephanides, M.D., for negligence for the pain and suffering and emotional distress he sustained and will continue to sustain as a result of Dr. Stephanides' negligence as a result of his failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006.

Sixth Cause of Action

**(Extraordinary Medical Expenses v. Michael Stephanides, M.D.)**

34. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Michael Stephanides, M.D., for the extraordinary medical expenses and other extraordinary costs associated with caring and rehabilitation following the complication he suffered during his surgical procedure on December 13, 2006.

Seventh Cause of Action

**(Negligence-Res Ipsa Loquitur v. Michael Stephanides, M.D.)**

35. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Michael Stephanides, M.D., for negligence for the physical injuries and emotional distress he sustained and will continue to sustain as a result of Dr. Stephanides's negligence as a result of his failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006. Mr. Wiehe alleges that, while he was unconscious under general anesthesia for 7 hours and 27 minutes, such injuries do not ordinarily occur in the absence of negligence when he was positioned on the operating room table on December 13, 2006. (See Tenn. Code Ann. § 29-26-115(c) $FN_1$).

Eighth Cause of Action

**(Gross Negligence v. Michael Stephanides, M.D.)**

36. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Michael Stephanides, M.D., for punitive

damages in causing the complications suffered by Noah J. Wiehe, by his gross negligence.

Ninth Cause of Action

**(Negligence v. Patrick A. Forest, M.D.)**

37. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Patrick A. Forest, M.D., for negligence for the pain and suffering and emotional distress he sustained and will continue to sustain as a result of Dr. Forest's negligence as a result of his failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006.

Tenth Cause of Action

**(Extraordinary Medical Expenses v. Patrick A. Forest, M.D.)**

38. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Patrick A. Forest, M.D., for the extraordinary medical expenses and other extraordinary costs associated with caring and rehabilitation following the surgical complication he suffered during his surgical procedure on December 13, 2006.

Eleventh Cause of Action

**(Negligence-Res Ipsa Loquitur v. Patrick A. Forest, M.D.)**

39. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Patrick A. Forest, M.D., for negligence for the physical injuries and emotional distress he sustained and will continue to sustain as a result of Dr. Forest's negligence as a result of his failure to protect

Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006. Mr. Wiehe alleges that, while he was unconscious under general anesthesia for 7 hours and 27 minutes, such injuries do not ordinarily occur in the absence of negligence when he was positioned on the operating room table on December 13, 2006. (See Tenn. Code Ann. § 29-26-115(c) $FN_1$).

Twelfth Cause of Action

**(Gross Negligence v. Patrick A. Forest, M.D.)**

40. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Patrick A. Forest, M.D., for punitive damages in causing the complications suffered by Noah J. Wiehe, by his gross negligence.

Thirteenth Cause of Action

**(Negligence v. Lori H. Horner, CRNA)**

41. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Lori H. Horner, CRNA, for negligence for the pain and suffering and emotional distress he sustained and will continue to sustain as a result of Nurse Horner's negligence as a result of her failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006.

Fourteenth Cause of Action

**(Extraordinary Medical Expenses v. Lori H. Horner, CRNA)**

42. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Lori H. Horner, CRNA, for the extraordinary

medical expenses and other extraordinary costs associated with caring and rehabilitation following the surgical complication he suffered during his surgical procedure on December 13, 2006.

Fifteenth Cause of Action

**(Negligence-Res Ipsa Loquitur v. Lori H. Horner, CRNA)**

43. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Lori H. Horner, CRNA, for negligence for the physical injuries and emotional distress he sustained and will continue to sustain as a result of Nurse Horner's negligence as a result of his failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006. Mr. Wiehe alleges that, while he was unconscious under general anesthesia for 7 hours and 27 minutes, such injuries do not ordinarily occur in the absence of negligence when he was positioned on the operating room table on December 13, 2006. (See Tenn. Code Ann. § 29-26-115(c) $FN_1$).

Sixteenth Cause of Action

**(Gross Negligence v. Lori H. Horner, CRNA)**

44. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Lori H. Horner, CRNA, for punitive damages in causing the complications suffered by Noah J. Wiehe, by her gross negligence.

Seventeenth Cause of Action

**(Negligence v. Anita G. Wagner, R.N.)**

45. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Anita G. Wagner, R.N., for negligence for the pain and suffering and emotional distress he sustained and will continue to sustain as a result of Nurse Wagner's negligence as a result of her failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006.

Eighteenth Cause of Action

**(Extraordinary Medical Expenses v. Anita G. Wagner, R.N.)**

46. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Anita G. Wagner, R.N., for the extraordinary medical expenses and other extraordinary costs associated with caring and rehabilitation following the surgical complication he suffered during his surgical procedure on December 13, 2006.

Nineteenth Cause of Action

**(Negligence-Res Ipsa Loquitur v. Anita G. Wagner, R.N.)**

47. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Anita G. Wagner, R.N., for negligence for the physical injuries and emotional distress he sustained and will continue to sustain as a result of Nurse Wagner's negligence as a result of her failure to protect Mr. Wiehe's lower extremities from damage during his surgical procedure on December 13, 2006. Mr. Wiehe alleges that, while he was unconscious under general

anesthesia for 7 hours and 27 minutes, such injuries do not ordinarily occur in the absence of negligence when he was positioned on the operating room table on December 13, 2006. (See Tenn. Code Ann. § 29-26-115(c) FN$_1$).

Twentieth Cause of Action
**(Gross Negligence v. Anita G. Wagner, R.N.)**

48. This is an action by Plaintiff Noah J. Wiehe, against Defendant, Anita G. Wagner, R.N., for punitive damages in causing the complications suffered by Noah J. Wiehe, by her gross negligence.

Twenty-First Cause of Action
**(Vicarious Liability v. Centennial Medical Center)**

49. This is an action by the Plaintiff, Noah J. Wiehe, against the Defendant, Centennial Medical Center, for the negligence of its agents, servants, employees or persons for whose conduct it was responsible, for the damages suffered by Mr. Wiehe, including pain and suffering and medical expenses.

Twenty-Second Cause of Action
**(Negligence-Res Ipsa Loquitur v. Centennial Medical Center)**

50. This is an action by the Plaintiff Noah J. Wiehe, against the Defendant, Centennial Medical Center, for negligence for the physical injuries and emotional distress he sustained and will continue to sustain as a result of Centennial Medical center's negligence as a result of its failure to protect Mr. Wiehe's lower extremities from
16

damage during his surgical procedure on December 13, 2006. Mr. Wiehe alleges that, while he was unconscious under general anesthesia for 7 hours and 27 minutes, such injuries do not ordinarily occur in the absence of negligence when he was positioned on the operating room table on December 13, 2006. (See Tenn. Code Ann. § 29-26-115(c) $FN_1$).

### DEMANDS FOR RELIEF

51. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Carl W. Zimmerman, M.D., with interest and costs as to the First Cause of Action.
52. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Carl W. Zimmerman, M.D., with interest and costs as to the Second Cause of Action.
53. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Carl W. Zimmerman, M.D., with interest and costs as to the Third Cause of Action.
54. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Carl W. Zimmerman, M.D., with interest and costs as to the Fourth Cause of Action.
55. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Michael Stephanides, M.D., with interest and costs as to the Fifth Cause of Action.
56. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Michael Stephanides, M.D., with interest and costs as to the Sixth Cause of Action.
57. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Michael Stephanides, M.D., with interest and costs as to the Seventh Cause of Action.

58. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Michael Stephanides, M.D., with interest and costs as to the Eighth Cause of Action.
59. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Patrick A. Forest, M.D., with interest and costs as to the Ninth Cause of Action.
60. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Patrick A. Forest, M.D., with interest and costs as to the Tenth Cause of Action.
61. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Patrick A. Forest, M.D., with interest and costs as to the Eleventh Cause of Action.
62. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Patrick A. Forest, M.D., with interest and costs as to the Twelfth Cause of Action.
63. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Lori H. Horner, CRNA, with interest and costs as to the Thirteenth Cause of Action.
64. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Lori H. Horner, CRNA, with interest and costs as to the Fourteenth Cause of Action.
65. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Lori H. Horner, CRNA, with interest and costs as to the Fifteenth Cause of Action.
66. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Lori H. Horner, CRNA, with interest and costs as to the Sixteenth Cause of Action.
67. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Anita G. Wagner, R.N., with interest and costs as to the Seventeenth Cause of Action.

68. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Anita G. Wagner, R.N., with interest and costs as to the Eighteenth Cause of Action.
69. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Anita G. Wagner, R.N., with interest and costs as to the Nineteenth Cause of Action.
70. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Anita G. Wagner, R.N., with interest and costs as to the Twentieth Cause of Action.
71. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Centennial Medical Center with interest and costs as to the Twenty-First Cause of Action.
72. The Plaintiff Noah J. Wiehe demands judgment against the Defendant, Centennial Medical Center with interest and costs as to the Twenty-Second Cause of Action.

### JURY CLAIM

73. The Plaintiff claims a trial by jury.

NOAH J. WIEHE
By his attorneys,

_____
Max Borten, M.D., J.D., BBO # 550115
Sidney Gorovitz, Esq., BBO # 204300
GOROVITZ & BORTEN
395 Totten Pond Road, Suite 401
Waltham, MA 02451-2013
Tel: (781) 890-9095
Fax: (781) 890-9098

**Dated:** May 21, 2007

1

---

[FN1] (See Tenn. Code Ann. § 29-26-115(c) "[W]here the thing [causing the harm] is shown to be under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."