IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NOAH JEREMY WIEHE )
)
v. ) No. 3-07-1093
)
CARL W. ZIMMERMAN, M.D.; )
MICHAEL STEPHANIDES, M.D.; )
PATRICK A. FORREST, M.D.;[1] LORI )
HART HORNER, C.R.N.A.; ANITA )
GWEN WAGNER, R.N.; and HCA )
HEALTH SERVICES OF TENNESSEE, )
INC. d/b/a Centennial Medical Center/ )
Parthenon Pavilion d/b/a Star Family )
of Hospitals[2] )

O R D E R

As provided herein, the motion of defendant Zimmerman to amend his answer (Docket Entry No. 119) is GRANTED.

Defendant Zimmerman seeks to amend his answer to "supplement the comparative fault allegations" in his answer, specifically, to assert the comparative fault of "all of the defendants."

Defendant Zimmerman initially filed his answer (Docket Entry No. 54) to the plaintiff's amended complaint (Docket Entry No. 13) on November 20, 2007, asserting two affirmative defenses, specifically, (1) failure to state a claim; and (2) the doctrine of comparative fault "[t]o the extent that fault on the part of any other person is shown to have caused or contributed to plaintiff's alleged injuries."

The initial case management order entered on January 15, 2008 (Docket Entry No. 67), provided, inter alia, a March 3, 2008, deadline for motions to amend to add parties and for

---

[1] Although his name is spelled with one "r" in the amended complaint, it appears that defendant Forrest's surname is spelled with two "r's." See Docket Entry No. 59.

[2] By stipulation and orders entered On October 15, 2008, October 17, 2008, and October 20, 2008 (Docket Entry Nos. 121-124), the plaintiff's claims against defendants Forrest, Horner, Wagner, and HCA Health Services of Tennessee, Inc. d/b/a Centennial Medical Center/Parthenon Pavilion d/b/a Star Family of Hospitals were dismissed.

defendants to move to amend their answers to allege the comparative fault of non-parties, and a June 23, 2008, deadline for filing all other motions to amend.

On June 23, 2008, defendants HCA Health Services of Tennessee, Inc. d/b/a Centennial Medical Center/Parthenon Pavilion d/b/a Star Family of Hospitals ("Centennial")[3] and Wagner and defendant Stephanides moved to amend their answers to assert the comparative fault of the other, specifically named defendants in the event that the plaintiff's allegations of negligence against those defendants are proven.[4] See Docket Entry Nos. 85 and 87. Defendant Zimmerman also moved to amend his answer to assert the comparative fault of defendant Stephanides, noting that, in his original answer he had asserted "a generalized defense of comparative fault," but sought to add "the specificity required by law" since he "now ha[d] a basis to amend his comparative fault allegations as they relate to [defendant] Stephanides." See Docket Entry No. 84.

During the telephone conference call with counsel for the parties and the Court on June 26, 2008, plaintiff's counsel advised that he did not object to the pending motions to amend, and by order entered June 27, 2008 (Docket Entry No. 88), the motions to amend were granted. Defendant Zimmerman filed his amended answer on July 2, 2008 (Docket Entry No. 90), specifically asserting the comparative fault of defendant Stephanides.

By amended stipulation and orders entered October 15, 2008, October 17, 2008, and October 20, 2008 (Docket Entry Nos. 121-124), the plaintiff's claims against defendants Forrest, Horner, Wagner, and Centennial were dismissed with prejudice. The parties' amended stipulation provided that "no new right to assert comparative fault is created, and no party is waiving any right

---

[3] Defendant Centennial represents that its correct name is HCA Health Services of Tennessee, Inc. d/b/a Centennial Medical Center, without "Parthenon Pavilion d/b/a Star Family of Hospitals." See Docket Entry No. 57.

[4] The original answer of defendants Centennial and Wagner simply asserted the affirmative defense of the doctrine of comparative fault "[t]o the extent there is shown to be fault on the part of any persons or entities," without expressly naming any such persons or entities. See Docket Entry No. 57. In his original answer, defendant Stephanides similarly asserted comparative fault of unnamed non-parties in the event that discovery revealed that non-parties caused or contributed to the plaintiff's injuries, and also asserted the comparative fault of the other, then-named defendants. See Docket Entry No. 60.

2

to assert or to oppose any comparative fault defenses, raised by the remaining Defendants, Drs. Zimmerman and Stephanides." Docket Entry Nos. 121 and 124.

Defendant Zimmerman explains that he did not have a good faith basis to allege comparative fault against any originally named defendant other than defendant Stephanides by the June 23, 2008, deadline until the plaintiff served him with an affidavit of Dr. George W. Daneker, Jr., the plaintiff's expert, on August 1, 2008, and until Dr. Daneker's deposition on September 26, 2008, and October 29, 2008. Defendant Zimmerman points out that defendant Stephanides' answer already alleges comparative fault of all parties originally named in the case.

The plaintiff opposes the motion of defendant Zimmerman because he contends that defendant Zimmerman had prior opportunities to allege comparative fault, and that the plaintiff relied upon the deadlines in the initial case management order and upon the parties' "Rule 26 disclosures" (presumably, the defendants' expert disclosures) when he agreed to dismiss all defendants except defendants Zimmerman and Stephanides. If defendant Zimmerman had asserted comparative fault by the June 23, 2008, deadline, the plaintiff "would have had the opportunity to hire additional experts to examine any claims made by Defendant Zimmerman against his co-Defendants." Docket Entry No. 125, at 4. Further, the plaintiff contends that the plaintiff's expert provided "absolutely no testimony . . . against the dismissed Defendants." Id. The plaintiff seeks additional time to hire a new expert and to continue the trial in the event that the motion of defendant Zimmerman is granted.

Almost as an aside and without specifically addressing the issue of whether the proposed amended answer would be futile, the plaintiff asserts that the proposed amended answer fails to make the specific allegations of comparative fault as required by Tennessee law.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires." The United States Supreme Court has held that leave to amend should be granted unless there is: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4)

3

undue prejudice to the opposing party if the amendment were granted; (5) futility of the amendment; or (6) other "apparent or declared reasons." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See also Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005); Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001).

The Court of Appeals for the Sixth Circuit has consistently held that Rule 15(a) requires that amendments are to be granted with liberality. See, e.g., Interroyal Corp. v. Sponseller, 889 F.2d 108 (6th Cir. 1989), cert. denied sub nom, Superior Roll Forming Co. v. Interroyal Corp., 494 U.S. 1091, 110 S.Ct. 1839, 198 L.Ed.2d 967 (1990); Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Howard v. Kerr Glass Mfg. Co., 699 F.2d 330 (6th Cir. 1983). The significant factor to consider in determining whether a motion to amend should be denied is the degree of prejudice to the defendants if the amended complaint were to be granted, Hageman v. Signal L. P. Gas, Inc., 486 F.2d 479 (6th Cir. 1973), and the corollary factor of whether the defendants have been on notice of the possibility of an amendment, or alternatively, whether the proposed amendment is a surprise to the non-moving party. Moore v. City of Paducah, supra; Howard v. Kerr Glass Mfg. Co., supra. See also Wade v. Knoxville Utils. Bd., 259 F.3d 452, 458-59 (6th Cir. 2001); Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir. 1980). Delay, by itself is not a basis for denial of a motion to amend, without some significant showing of prejudice to the non-moving party. Morse v. McWhorter, 290 F.3d 795, 800-801 (6th Cir. 2002); United States v. Wood, 877 F.2d 453, 456 (6th Cir. 1989); Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989); Moore, 790 F.2d at 562; Hageman, 486 F.2d at 484. However, the Sixth Circuit has also held that amendments should be denied if such amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980).

4

In addition, when a party seeks to amend in the late stages of a case, the moving party bears "an increased burden to show justification for failing to move earlier." Wade, 259 F.3d. at 459. See also Bridgeport Music, Inc. v. Dimension Films, 383 F.3d 390, 403 (6th Cir. 2004); Leary v. Daeschner, 349 F.3d 888, 904-909 (6th Cir. 2003); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306-07 (6th Cir. 2000); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).

The critical issue to address initially is whether defendant Zimmerman could have moved to amend his answer by the June 23, 2008, deadline for filing motions to amend,[5] or, in other words, is there justification for defendant Zimmerman's having waited until October 9, 2008, to file the motion to amend. Defendants Centennial, Wagner, and Stephanides did, in fact, file motions on June 23, 2008, to amend their answers to assert the comparative fault of the other named defendants. Presumably, defendant Zimmerman had the same information as those defendants. Although defendant Zimmerman sought to amend his complaint on June 23, 2008, to assert the comparative fault of defendant Stephanides, he now contends that he did not have a sufficient basis for asserting the comparative fault of the other defendants until he received the affidavit of defendant's expert and until after the deposition of Dr. Daneker. The Court cannot fault defendant Zimmerman for failing to assert comparative fault without a basis for doing so.

Although Dr. Daneker's affidavit, see Docket Entry No. 106-1, at ¶¶ 24-28, tempered by his tepid deposition testimony about the negligence of Centennial, Forrest, Horner, and Wagner, see Docket Entry No. 129-1, at 16 and 36, and Docket Entry No. 129-2, at 21-22, provides scant grounds for asserting such negligence, Dr. Daneker's testimony does provide the basis for defendant Zimmerman to now assert the comparative fault of the now-dismissed defendants. The Court agrees

---

[5] The plaintiff suggests that the operative deadline was March 3, 2008, rather than June 23, 2008. However, the Court agrees with defendant Zimmerman that the March 3, 2008, deadline is inapplicable since that was the deadline to move to add parties who were not already named in the lawsuit or to assert the comparative fault of non-parties. Since the fault of Centennial, Forrest, Horner and Wagner are at issue in the current motion to amend, the June 23, 2008, deadline is the operative deadline.

5

with defendant Zimmerman that the plaintiff is incorrect that "absolutely no testimony [was] elicited from the Plaintiff's expert against the dismissed Defendants." See Docket Entry No. 125, at 4. In addition to his affidavit, Docket Entry No. 106-1,[6] Dr. Daneker testified at his deposition that his "other criticism . . . is with the anesthesia staff," Docket Entry No. 129-1, at 16, that there were "certain aspects of the case with Dr. Forest . . . that do violate the standard of care for . . . what I feel that anesthesiologists should be doing during the case," and that "Dr. Forest deviated from the standard of care," Docket Entry No. 129-1, at 36; that the anesthesia defendants[7] violated the standard of care, Docket Entry No. 129-2 at 21; and that the hospital defendants[8] violated the standard of care "in terms of the positioning of the patient." Docket Entry No. 129-2 at 22.

The plaintiff's claims of undue prejudice are unavailing. The plaintiff argues that, if defendant Zimmerman's motion to amend is granted, he will need additional time to obtain another expert, presumably to refute defendant Zimmerman's affirmative defense of comparative fault. However, the affirmative defense of comparative fault against the previously named defendants is already asserted by defendant Stephanides. The Court is not persuaded that, because defendant Zimmerman now raises the comparative fault of the previously named defendants, the plaintiff is now in a different position than he was when the same affirmative defense was raised by defendant Stephanides. Nor has the plaintiff attempted to clarify how the affirmative defense now raised by defendant Zimmerman requires the plaintiff to take any further action in this case than when he was faced with the same defense asserted by defendant Stephanides. To deny defendant Zimmerman's motion to amend could result in an anomalous situation in which defendant Stephanides is permitted

---

[6] On November 24, 2008, Dr. Daneker executed two supplemental affidavits (Docket Entry Nos. 137-2 and 140), in which he expands upon his original affidavit and no longer addresses any negligence of the now-dismissed defendants.

[7] The now-dismissed "anesthesia defendants" are Dr. Forrest and Lori Hart Horner.

[8] The now-dismissed "hospital defendants" are Centennial and Anita Gwen Wagner.

6

to rely upon the comparative fault of the previously dismissed defendants but defendant Zimmerman is not.[9]

Further, as defendant Zimmerman points out, defendant Zimmerman filed his motion to amend before the dismissal of defendants Centennial, Wagner, Horner, and Forrest was finalized. Defendant Zimmerman concludes that the plaintiff had no choice but to dismiss these defendants since Dr. Daneker was unwilling to testify against them, despite his attestations in his affidavit and his testimony in his deposition about their negligence. See Docket Entry No. 129-1, at 14. Thus, defendant Zimmerman describes the plaintiff's claims against those defendants as "effectively stillborn." Docket Entry No. 128, at 2, n.2.

The plaintiff was clearly on notice of the possibility that defendant Zimmerman might assert the comparative fault of the previously named defendants. Defendants Centennial, Wagner, and Stephanides had asserted the comparative fault of the other defendants in their amended answers. In addition, the plaintiff's expert attested in his affidavit and again at his deposition about the negligence of the previously named defendants.

Although the plaintiff only vaguely alluded to an issue of futility, it bears some comment. Citing George v. Alexander, 931 S.W.2d 517 (Tenn. 1996), the plaintiff argues that defendant Zimmerman's proposed amended answer fails to make specific allegations as required by Tennessee law. It is not clear to the Court what specific allegations of comparative fault the plaintiff suggests defendant Zimmerman has not made. In George, the Tennessee Supreme Court reversed the Tennessee Court of Appeals, which had affirmed the trial court's decision to allow the introduction of the videotaped deposition of the plaintiff's treating physician, who testified that the improper positioning of the plaintiff's leg during surgery was the cause of the nerve damage to her leg rather than the administration of spinal anesthesia, which the plaintiff had alleged. The anesthesiologist defendants had not raised comparative fault as an affirmative defense and, in fact, had apparently

---

[9] To the extent, however, that the plaintiff has a basis to challenge the assertion of comparative fault made by defendant Stephanides, this ruling is not intended to have any impact on any such issue.

7

not even sought to amend their answer(s) to raise such a defense. Citing Rule 8.03 of the Tennessee Rules of Civil Procedure, the Tennessee Supreme Court held that a defendant must plead comparative fault as an affirmative defense if he seeks to introduce evidence that someone else caused the plaintiff's injury. Rule 8.03 requires that a defendant must "set forth affirmatively facts in short and plain terms relied upon to constitute . .. comparative fault (including the identity or description of any other alleged tortfeasors) . . . ." It is not clear to the Court why the plaintiff suggests that defendant Zimmerman has not done so.

Inasmuch as defendant Zimmerman's motion to amend is granted in significant part because the affirmative defense of comparative fault has already been asserted by defendant Stephanides, defendant Zimmerman shall have until January 12, 2009, to file an amended answer mirroring the affirmative defense of comparative fault of the now-dismissed defendants asserted by defendant Stephanides. See Docket Entry No. 87.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than ten (10) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 9(a)(1) of the Local Rules for Magistrate Judge Proceedings.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge